IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODNEY DURANT WASHINGTON,** | 1:06-cv-01468 WMW HC |
| Petitioner, | ORDER RE MOTION TO HOLD PETITION IN ABEYANCE |
| vs. | |
| **T. FELKNER, et al.,** | [Doc. 19] |
| Respondent. | |

    Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

    On February 27, 2008, Petitioner filed a motion to hold this case in abeyance and stay the proceedings while Petitioner returns to state court to exhaust his state judicial remedies with respect to a <u>Brady</u> claim.

## DISCUSSION

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the Court does not find good cause to excuse Petitioner's failure. Petitioner had multiple opportunities to present this claim to the state courts: he could have raised it in either on direct appellate review or on collateral review. In each instance, he failed to do so. This case is now fully briefed and ready for decision. Staying the case at this juncture in order to allow Petitioner to pursue a round of review in the state courts frustrates AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. Id. at 1534. Accordingly, Petitioner's motion for stay of the proceedings is hereby DENIED.

IT IS SO ORDERED.

**Dated:    May 1, 2008**            /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE