# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **RODNEY DURANT WASHINGTON,** | ) | 1:06-cv-01468 WMW HC |
| Petitioner, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER RE PETITION |
| vs. | ) | FOR WRIT OF HABEAS |
| | ) | CORPUS |
| **T. FELKNER, et al.,** | ) | ORDER DENYING |
| | ) | CERTIFICATE OF |
| Respondent. | ) | APPEALABILITY |
| _____ | ) | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

## PROCEDURAL HISTORY

On May 5, 2004, judgment was entered against Petitioner in Tulare County Superior Court in case number VCF09364-02.  Petitioner was convicted of attempted murder,

Cal.Pen.Code §§ 664/187(a)[1], assault with a firearm (§ 245(a)(2), first degree burglary (§ 459), shooting at an inhabited dwelling (§ 246), felon in possession of a firearm (§ 1202)(a)) and various weapons enhancements. The court sentenced Petitioner to serve a term of life with the possibility of parole on the attempted murder count, plus an additional and consecutive term of 25 years to life for the § 12022.53(d) gun enhancement. Various other terms of imprisonment were imposed on the other counts and were stayed.

Petitioner filed a direct appeal to the California Court of Appeal, Fifth Appellate District ("Court of Appeal") in case number F045619. The Court of Appeal affirmed the judgment in an unpublished opinion entered December 23, 2005.

Petitioner filed a petitioner for review with the California Supreme Court, which the court denied on March 15, 2006.

Petitioner filed the present petition for writ of habeas corpus on October 16, 2006.

Respondent concedes that Petitioner has exhausted his state judicial remedies as to the claims presented in the present petition.

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

---

[1] All further statutory references, unless indicated otherwise, are to the California Penal Code.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be

objectively unreasonable." Id. (citations omitted).

When, as here, the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Impeachment of Prosecution Witness

Petitioner contends that trial counsel was ineffective for failure to impeach prosecution witness Alonzo with her prior convictions and her probationary status. Respondent disputes this contention.

Ineffective assistance of counsel is based on the Sixth Amendment right to counsel,

which exists "in order to protect the fundamental right to a fair trial." <u>Strickland v. Washington</u>, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A claim for ineffective assistance must meet the two-part test advanced by the Strickland court. First, petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, [petitioner] must show that the deficient performance prejudiced the defense. <u>Id</u>. at 687. This two-part standard also applies to challenges to guilty pleas based in ineffective assistance of counsel. In the context of a guilty plea, a petitioner must show that (1) his counsel failed to provide reasonable competent advice, and that (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59, 106 S.Ct. 366 (1985).

        The Court of Appeal rejected Petitioner's contention that he received ineffective assistance of trial counsel, holding as follows:

> Washington argues his attorney was ineffective because he failed to impeach Alonzo with two prior drug-related convictions. (Health & Saf. Code § 11351.5 [felony possession of cocaine base for sale], 11366 [misdemeanor maintaining a place for use of illegal substances]).
> A defendant is entitled to a new trial if he received ineffective assistance of counsel at trial. (*People v. Lagunas* (1994) 8 Cal.4th 1030, 1036.) "Establishing a claim of ineffective assistance of counsel requires the defendant to demonstrate (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.] A 'reasonable probability is one that is enough to undermine confidence in the outcome. [Citations.]
> "Our review is deferential; we make every effort to avoid the distorting effects of hindsight and to evaluate counsel's conduct from counsel's perspective at the time. [Citation.] A court must indulge a strong presumption that counsel's acts were within the wide range of reasonable professional assistance. [Citation.] . . . Nevertheless, deference is not abdication; it cannot shield counsel's performance from meaningful scrutiny or automatically validate challenged acts and omissions. [Citation.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541.)
> "If the record contains an explanation for the challenged aspect of counsel's representation, the reviewing court must determine 'whether the explanation demonstrates that counsel was reasonably competent and acting as a conscientious, diligent advocate.' [Citation.] On the other hand, if the record contains no explanation for the challenged behavior, an appellate court will reject the claim of ineffective assistance 'unless counsel was asked for an explanation and failed to provide one, or

unless there simply could be no satisfactory explanation . . . .' [Citation.]" (*People v. Cudjo* (1993) 6 Cal.4th 585, 623.)

Washington acknowledges the question of whether to impeach a witness with a prior conviction is a matter of trial tactics that normally will not support an ineffective assistance of counsel claim. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1140.) He urges, however, that in this case there was no possible justification for failing to impeach Alonzo.

We need not decide if this is such a case because there is no possibility that, if trial counsel had impeached Alonzo with her prior convictions, defendant would have achieved a better result. There were *three* eyewitnesses in addition to Alonzo (Goodman, Hampton, and Fish) that put Washington at the scene of the crime with a gun in his hand. There was no witness that established an alibi for him *at the time* the shootings occurred. The result undoubtedly would have been the same had the jury not believed a single word Alonzo said. Washington cannot meet the second element of a successful claim.

The Court of Appeal followed the controlling federal standard set forth in Strickland. Petitioner has provided nothing showing any error in the Court of Appeal's conclusion that Petitioner could not show prejudice because there were three other eyewitnesses at the scene who placed Petitioner at the scene with a gun in his hand. Accordingly, this court must conclude that Petitioner has failed to carry his burden of demonstrating that the California Supreme Court's decision in silently adopting the reasoning of the Court of Appeal "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). This contention provides no basis for habeas corpus relief.

Failure to Give CALJIC 2.21.2

Petitioner contends that the trial court erred in failing to sua sponte instruct the jury pursuant to CALJIC No. 2.21.2, regarding the believability of a witness who lies in part of his testimony. Respondent disputes this contention.

A challenge to a jury instruction solely as an error under state law does not state a claim cognizable in a federal habeas corpus action. See, Estelle v. McGuire, 502 U.S. 62, 71-

6

72 (1991). To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. See, id. at 72. Additionally, the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Id. The court must evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process. See, United States v. Frady, 456 U.S. 152, 169 (1982) (*citing* Henderson v, Kibbe, 431 U.S. 145, 154 (1977)). Furthermore, even if it is determined that the instruction violated the petitioner's right to due process, a petitioner can only obtain relief if the unconstitutional instruction had a substantial influence on the conviction and thereby resulted in actual prejudice under Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993) (whether the error had a substantial and injurious effect or influence in determining the jury's verdict.). See, Hanna v. Riveland, 87 F.3d 1034, 1039 (9th Cir. 1996). The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Id. Moreover, a Petitioner whose claim involves the *omission* of an instruction "bears an especially heavy burden," because an omission is less likely to be prejudicial than a misstatement of the law. Reynolds v. Maddock, 1999 WL 354366, *3 (N.D. Cal. 1999).

In addressing Petitioner's contention, the Court of Appeal held as follows:

> Washington argues the trial court erred because it failed to give CALJIC no. 2.21.2 sua sponte. This instruction informs the jury that if a witness is willfully false in a material part of his or her testimony, the witness's testimony is to be distrusted, and the jury may reject the entire testimony.
> We reject this contention for a variety of reasons. First, Washington did not request the instruction; therefore the trial court did not err in failing to give the instruction. Second, the trial court did not have an obligation to give the instruction sua sponte. Third, the only testimony to which the instruction may have applied was that testimony that benefitted Washington. Therefore, giving the instruction would have hurt, not aided, his case. Fourth, even if the instruction should have been given, there is not a reasonable probability that Washington would have received a better outcome.

Our first two points are related. Washington impliedly acknowledges that trial counsel did not request the instruction, but argues the trial court had a sua sponte obligation to so instruct the jury. This argument was rejected in *People v. Wader* (1993) 5 Cal.4th 610, 644-645. As explained in *Wader*, the trial court has a sua sponte obligation to give instructions that are necessary to the jury's understanding of the case. (*Id*. at p. 645.) As in *Wader*, the jury here was instructed with CALJIC No. 2.20, which explained the jury was the sole judge of the truthfulness of a witness, and it could consider anything that has a tendency reasonably to prove or disprove the truthfulness of the testimony. The instruction listed several examples of facts the jury could consider, including prior inconsistent statements and an admission of untruthfulness by the witness. In addition, the trial court instructed the jury with CALJIC Nos. 2.13 (prior consistent or inconsistent statements), 2.21.1 (discrepancies in testimony), and 2.22 (weighing conflicting testimony). When combined, these instructions made it possible for the jury to understand the case. There was no duty to give CALJIC No. 2.21.2 sua sponte.

The lack of obligation to instruct the jury sua sponte with CALJIC No. 2.21.2 means that Washington was required to request the instruction if he felt it was necessary. He did not do so. No error occurs when the trial court does not give an instruction that never was requested. (*People v. Simon* (2001) 25 Cal.4th 1082, 1109-1110.)

Our third and fourth points are related to the issue of prejudice. Washington claims the instruction applied to Goodman's, Alonzo's, and Hampton's testimony. The *material* aspect of Goodman's testimony that differed before trial and at trial was his refusal to identify Washington as the shooter at trial. The *material* aspect of Hampton's testimony that changed at trial was her denial that she saw Washington with a gun on the day of the shooting. Washington has not identified any *material* aspect of Alonzo's testimony that differed before trial and at trial.

Goodman claimed that he told the officers that Washington shot him because this is what Alonzo said. Hampton simply denied ever telling the officers that Washington had a gun. This testimony was more favorable to Washington that what the witnesses originally told the police. If the jury had been instructed it could disregard Goodman's and Hampton's testimony, and the jury chose to do so, it would have been left with Alonzo's testimony and the statements made by Goodman and Hampton to the police, testimony much less favorable than Goodman's and Hampton's trial testimony.

We emphasized the term "material" in the preceding paragraph because Washington points out numerous differences between the various witnesses' testimonies at trial and statements given to police. In the context of this instruction, "material" means "substantial, essential, relevant or pertinent.'" (*People v. Wade* (1995) 39 Cal.App.4th 1487, 1496.) The majority of the discrepancies identified by Washington do not meet this definition. [Footnote omitted.]

Which brings us to our fourth point - - there is no possibility that Washington suffered any prejudice as a result of the omission of CALJIC No. 2.21.2. There is no dispute that Goodman was shot. The only issue is who shot Goodman. Goodman, Hampton, Alonzo, and Fish all put Washington at the scene, Alonzo and Fish with a gun in Washington's hand. There was no testimony that someone else also was present ho may have shot Goodman. Hampton and Goodman told officers that Washington had a gun in his hand. Washington did not have an alibi for the time of the shooting and presented no other defense. In other words, the evidence of guilt was overwhelming.

CALJIC No. 2.21.2 ' " does nothing more than explain to a jury one of the tests they may use in resolving a credibility dispute.'" [Citations.]" (*People v. Foster*

8

(1995) 34 Cal.App.4th 766, 775.)  The jury was adequately instructed on how to evaluate the testimony of the various witnesses, including how to resolve credibility disputes.  (CALJIC Nos. 2.10, 2.13, 2.21, 2.22.)  CALJIC No. 2.21.2 would not have provided any significant aid to the jury in resolving the issues before it.  The overwhelming evidence of guilt also leads us to reject Washington's claim of cumulative error.

In this case, Petitioner has not demonstrated any defect in the four separate reasons given by the Court of Appeal as to why this contention lacks merit.  Further, the court finds that even if the trial court erred in not giving the instruction sua sponte, in light of the overwhelming evidence against him, Petitioner cannot demonstrate the requisite actual prejudice.  Accordingly, this court must conclude that Petitioner has failed to carry his burden of demonstrating that the California Supreme Court's decision in silently adopting the reasoning of the Court of Appeal "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."  28 U.S.C. § 2254(d).  This contention provides no basis for habeas corpus relief.

<u>Cummulative Error</u>

In light of the court's rejection of   Petitioner's contentions discussed above, there can be no cumulative error.


Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
    (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)    this petition for writ of habeas corpus is HEREBY DENIED;

2)    a certificate of appealability is HEREBY DENIED;

3)    the Clerk of the Court is directed to enter judgment for Respondent and to close this case.


IT IS SO ORDERED.

**Dated:   May 2, 2008**                        /s/  William M. Wunderlich
                                              UNITED STATES MAGISTRATE JUDGE